DEPARTMENT OF REVENUE, Commonwealth of Kentucky, Maurice P. Carpenter, Commissioner, Kentucky Department of Revenue, Movant,

v.

REFINERS OIL CORPORATION, Respondent.

Supreme Court of Kentucky.

Feb. 17, 1981.

Rehearing Denied March 31, 1981.

William S. Riley, Asst. Atty. Gen., Nathan Goldman, Dept. of Revenue, Frankfort, for movant.

Charles G. Middleton, Jr., Carl Arthur Henlein, Brooks Alexander, Middleton, Reutlinger & Baird, Louisville, for respondent.

STEPHENSON, Justice.

The issue presented in this case is whether cash distributions to Refiners Oil Corporation are dividends within the meaning of KRS 141.010 so as to relieve Refiners from Kentucky income tax. The Board of Tax Appeals assessed corporate income tax on a portion of the distributions, and the trial court affirmed. The Court of Appeals reversed. We granted discretionary review and reverse.

Refiners owned stock in Plantation Pipeline Company. For each of the years in question, Plantation declared dividends and made cash distributions to Refiners on the shares of stock owned by Refiners.

These cash distributions were treated by Refiners for federal income tax purposes as follows:

| YEAR | DIVIDEND | RETURN OF CAPITAL | CAPITAL GAINS | TOTAL AMOUNT OF DISTRIBUTION |
|---|---|---|---|---|
| 1970 | $ 854,200 | $168,841 | $1,294,690 | $2,317,731 |
| 1971 | 1,820,744 | –0– | 2,053,672 | 3,874,416 |
| 1972 | 614,735 | –0– | 2,809,972 | 3,424,707 |
| 1973 | 1,879,479 | –0– | 1,545,228 | 3,424,707 |

All the cash distributions were characterized as dividends by Plantation and received as such by Refiners. According to the record Plantation used straight-line depreciation in its books kept for purposes of the Interstate Commerce Commission and accelerated depreciation for federal income tax purposes. Using accelerated depreciation, the total earnings and profits are less than the total amount of the distributions.

According to section 301 of the Internal Revenue Code,[1] a distribution of money or other property from a corporation to its shareholders is treated as a dividend only to the extent of the earnings and profits in the corporation which made the distribution.

Any amount of the distributions in excess of the earnings and profits of the distributing corporation is treated by the shareholder as a return of capital until the shareholder's basis in the stock has been recovered. Any further excess becomes a capital gain to the shareholder.

Thus the chart above showing the breakdown of the distribution into categories of "dividends," "return of capital," and "capital gains" is in conformity to the provisions of the Internal Revenue Code.

This controversy arose when Refiners attempted to exclude from its Kentucky income tax all the cash distributions. Refiners asserts authority for its position in KRS 141.010(12), which provides in part: "'Gross income' in the case of corporations, means 'gross income' as defined in section 61 of the internal revenue code[2] and adjusted as follows: * * * (b) Exclude all dividends received after December 31, 1969."

The Department of Revenue contends that "dividends" are not defined by Statute in Kentucky, and thus the provisions of the Internal Revenue Code apply as provided in KRS 141.050(1):

"Except to the extent required by differences between this chapter and its application and the federal income tax law and its application, the administrative and judicial interpretations of the federal income tax law, computations of gross income and deductions therefrom, accounting methods, and accounting procedures, for purposes of this chapter shall be as nearly as practicable identical with those required for federal income tax purposes."

The only problem presented here is whether any Kentucky statute is inconsistent with the Internal Revenue Code in definition of "dividends."

The Court of Appeals' opinion speaks of the distributions "as dividends as defined under the only Kentucky Statute defining dividends." We are given no reference to the statute; nor do we find any Kentucky statute defining "dividends." From the language in the Court of Appeals' opinion that "the distributions were not declared and paid at any time when Plantation was insolvent and such payments did not render Plantation insolvent or diminish its capital," we infer the Court of Appeals is placing reliance for its position on KRS 271A.225 and KRS 271A.230. We are of the opinion that these statutes are not relevant to the issue before us and that Kentucky does not have a statute defining dividends. Thus it follows that the provisions of the Internal

1. Section 301, in part, reads:

"(a) In general.—Except as otherwise provided in this chapter, a distribution of property (as defined in section 317(a)) made by a corporation to a shareholder with respect to its stock shall be treated in the manner provided in subsection (c).

\* \* \* \* \* \*

"(c) Amount taxable.—In the case of a distribution to which subsection (a) applies—

"(1) Amount constituting dividend.—That portion of the distribution which is a dividend (as defined in section 316) shall be included in gross income.

"(2) Amount applied against basis.—That portion of the distribution which is not a dividend shall be applied against and reduce the adjusted basis of the stock.

"(3) Amount in excess of basis.—

"(A) In general.—Except as provided in subparagraph (B), that portion of the distribution which is not a dividend, to the extent that it exceeds the adjusted basis of the stock, shall be treated as gain from the sale or exchange of property."

2. Section 61 of the Internal Revenue Code provides:

"(a) General definitions.—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived including (but not limited to) the following items:

"(1) Compensation for services, including fees, commissions, and similar items;

"(2) Gross income derived from business;

"(3) Gains derived from dealing in property;

"(4) Interest;

"(5) Rents;

"(6) Royalties;

"(7) Dividends."

Revenue Code apply and the Department of Revenue properly assessed as not being dividends those portions of the cash distributions to Refiners that represented return of capital and capital gains.

The opinion of the Court of Appeals is reversed with directions to reinstate the judgment of the trial court.

All concur.